UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY ERIC BUFORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RAYBON JOHNSON,<br><br>　　　　　Defendant. | Case No. 5:22-cv-00026-FLA (SK)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION TO DENY HABEAS PETITION** |

　　　　Pursuant to 28 U.S.C. § 636, the court has reviewed the filed Report and Recommendation to Deny Habeas Petition ("Report") and any relevant records if needed.  Further, the court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

　　　　The Report recommends the denial of the Petition and the dismissal of this action with prejudice.  Dkt. 61.  Petitioner filed objections that exceeded the page limitation without authorization.  Dkt. 67.  Nonetheless, the objections have been considered in their entirety.  Petitioner's objections do not merit any change to the Report's findings or recommendations.

　　　　Petitioner objects that the introduction of materially false evidence and testimony about a firearm deprived him of a fair trial.  Dkt. 67 at 5–6, 28–30, 36–37,

1

48–49. The court agrees with the Report that Petitioner failed to show entitlement to relief under *Napue v. Illinois*, 360 U.S. 264 (1969). Dkt. 61 at 19–21. Petitioner did not show that any firearm evidence from his trial was false, and he did not show that any such evidence was material because Petitioner was never found guilty of any firearm offense or allegation tied to his burglary and robbery counts. *Id*.

Petitioner objects that the prosecution breached its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), at the preliminary hearing. Dkt. 67 at 6–8, 48–49. The allegedly suppressed *Brady* material was "false firearm evidence" and evidence that the victim had a history as a witness in another case. *Id*. The court agrees with the Report that Petitioner failed to show a *Brady* violation. Dkt. 61 at 17–19. The allegedly false nature of the firearm evidence was not suppressed because it would have been known to Petitioner that the firearm did not belong to him, and it was not material because the jury did not reach a verdict on the firearm charges. *Id*. at 19. The victim's history as a witness also was known to Petitioner. *Id*. at 18.

Petitioner objects that his right to self-representation was violated when he was not allowed to represent himself at trial. Dkt. 67 at 8–23. The court agrees with the Report that Petitioner failed to show entitlement to relief under *Faretta v. California*, 422 U.S. 806 (1975). Dkt. 61 at 30–33. The right to self-representation "cannot be 'a license not to comply with relevant rules of procedural and substantive law,' and a trial court may terminate self-representation where a defendant 'deliberately engages in serious and obstructionist misconduct.'" *Cooks v. Newland*, 395 F.3d 1077, 1080 (quoting *Faretta*, 422 U.S. at 834 n. 46). Here, the trial judge terminated Petitioner's *pro se* status (which Petitioner had requested on the day of trial and had been contingent upon his being ready for trial) after Petitioner had filed "a stack of motions" and had asserted he was no longer ready for trial. Dkt. 41-4 at 32–35. "In those circumstances evidencing transparent efforts to delay trial, it did not violate petitioner's right to represent himself when the trial court reappointed counsel." Dkt. 61 at 32. Although Petitioner relatedly objects that the trial court erroneously failed to

2

1  rule on his pending *pro se* motions, Dkt. 67 at 9–10, the trial court was not required to
2  consider them once it revoked Petitioner's *pro se* status.  *See United States v.*
3  *Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987) (trial court was not required to
4  acknowledge *pro se* filings by a criminal defendant who was represented by counsel).

5        Petitioner objects that his counsel from his preliminary hearing, trial, and appeal
6  were ineffective.  Dkt. 67 at 23–28.  The court agrees with the Report that Petitioner
7  failed to show entitlement to relief under *Strickland v. Washington*, 466 U.S. 668
8  (1984).  Dkt. 61 at 26–28.  Because Petitioner alleges counsel was ineffective in
9  handling issues that are meritless, such as the firearm evidence that did not lead to a
10 verdict, the *Strickland* claims necessarily fail.  *Id*. at 26 (citing *Juan H. v. Allen*, 408
11 F.3d 1262, 1273 (9th Cir. 2005)).

12       Moreover, counsel's failure to file the various motions Petitioner alleges should
13 have been filed does not satisfy the *Strickland* standard.  As the Report found,
14 Petitioner "must show that (1) had his counsel filed the motion, it is reasonable that
15 the trial court would have granted it as meritorious, and (2) had the motion been
16 granted, it is reasonable that there would have been an outcome more favorable to
17 him."  Dkt. 61 at 28 (quoting *Wilson v. Henry*, 185 F.3d 986, 990 (9th Cir. 1999)).
18 Petitioner makes no attempt to satisfy these requirements, but only objects in a
19 conclusory manner that various motions were not filed.  Dkt. 67 at 26–27.

20       Petitioner objects that his right to conflict-free counsel was violated by his
21 attorneys for the preliminary hearing and the trial.  Dkt. 67 at 30–34, 38–42.  The
22 court agrees with the Report that Petitioner failed to identify a conflict of interest.
23 Dkt. 61 at 30.  Petitioner offers only "general criticisms" of his attorneys'
24 performance, which is insufficient to show an actual conflict of interest.  *See Clark v.*
25 *Chappell*, 936 F.3d 944, 985 (9th Cir. 2019).

26       Petitioner objects that the dismissal of an African American juror was
27 discriminatory.  Dkt. 67 at 34–36.  The court agrees with the Report that Petitioner
28 failed to show entitlement to relief under *Batson v. Kentucky*, 476 U.S. 79 (1986).

1  Dkt. 61 at 16–17. Petitioner failed to show a prima facie case of discrimination from
2  "[t]he mere fact that a black juror was stricken." *Id*. at 17 (citing *United States v.*
3  *Hernandez-Quintania*, 874 F.3d 1123, 1129 (9th Cir. 2017)). The record also showed
4  race-neutral reasons for the strike of the juror, Prospective Juror No. 53: her ex-
5  husband's case was similar to this case and lasted for 18 months; the police were once
6  called because she shot at her fiancée, and she thought this case sounded "really
7  weird" or "funny." Dkt. 41-6 at 55, 67–68, 70–71. Moreover, the prosecutor accepted
8  the other two African American jurors as alternates. *Id*. at 105. "The above facts,
9  viewed objectively, do not raise a reasonable inference of racial bias." *Cooperwood v.*
10 *Cambra*, 245 F.3d 1042, 1048 (9th Cir. 2001). Although Petitioner relatedly objects
11 that the prosecutor failed to state independent reasons for striking the juror, Dkt. 67 at
12 35, the prosecutor was not required to state any reasons because the claim failed to
13 proceed beyond *Batson*'s first step. *See Cooperwood*, 245 F.3d at 1045 ("If the
14 defendant fails to establish a prima facie case, the burden does not shift to the
15 prosecution, and the prosecutor is not required to offer an explanation for the
16 challenge.").

17  Petitioner objects that the trial judge's restriction of evidence impeaching the
18 victim's credibility about the value of the stolen guitar was structural error. Dkt. 67 at
19 37. The court agrees with the Report that Petitioner failed to show a violation of the
20 Confrontation Clause. Dkt. 61 at 21. "Petitioner was convicted of only burglary,
21 which requires no proof of the monetary value of any items that were stolen." *Id*.

22  Petitioner objects that the trial court arbitrarily denied him the right to present
23 materially favorable witness testimony. Dkt. 67 at 42–43. The testimony allegedly
24 would have shown that Petitioner had experienced ongoing conflicts with the victim's
25 roommate, who "inserted himself" into Petitioner's case. Dkt. 26 at 55–57. The court
26 agrees with the Report that Petitioner failed to show a violation of his right to present
27 a defense. Dkt. 61 at 21–23. The victim's roommate was not at the house during the
28 burglary, and Petitioner "never explains how his alleged checkered past with [the

roommate] could have bolstered his overarching defense." *Id*. at 22. Moreover, Petitioner did testify about his fraught relationship with the roommate. Dkt. 41-5 at 8–9, 22.

Petitioner objects that, under the totality of the circumstances, he was coerced into giving incriminating statements to the police. Dkt. 67 at 43–45. The court agrees with the Report that Petitioner failed to show that his statements were involuntary. Dkt. 61 at 15–16. The police officers' alleged vagueness about the charges behind Petitioner's arrest did not render his statements involuntary. *Id*. at 16 (citing *Balbuena v. Sullivan*, 980 F.3d 619, 629 (9th Cir. 2020)). Although Petitioner relatedly objects, in a vague manner, that he had disabilities requiring "medical appliances and equipment," Dkt. 67 at 44, this bare allegation is insufficient to show his statements were involuntary. *See United States v. Coleman*, 208 F.3d 786, 791 (9th Cir. 2000) (lethargy and physical discomfort were insufficient to establish involuntariness) (citing *United States v. Martin*, 781 F.2d 671, 674 (9th Cir. 1985) (grogginess and painful injuries were insufficient to establish involuntariness)).

Petitioner objects that the trial court's instructions to the jury were misleading. Dkt. 67 at 45–47. The court agrees with the Report that Petitioner failed to show instructional error. Dkt. 61 at 23–25. The trial judge explained to the jurors that they needed to reach a unanimous "guilt or not guilty" verdict on burglary and then separately a unanimous "true or not true" finding on the firearm allegation. Dkt. 41-5 at 173. The jury's inability to reach a unanimous verdict on the firearm allegation did not mean the jury could not reach a unanimous guilty verdict on the burglary charge. Dkt. 61 at 24.

Petitioner objects that the trial court failed to take notice that his legal representation was inadequate. Dkt. 67 at 48. On the contrary, the trial court was not required "to question counsel's trial strategy" or to "raise sua sponte the inadequacy of [Petitioner's] representation." *United States v. Wagner*, 834 F.2d 1474, 1483 (9th Cir. 1987).

5

Petitioner objects that he did not intend to commit a theft or felony upon his entry into the victim's residence. Dkt. 67 at 49–53. The court agrees with the Report that Petitioner failed to show entitlement to relief under *Jackson v. Virginia*, 443 U.S. 307 (1979). Dkt. 61 at 10–12. The evidence was sufficient for a rational jury to find Petitioner guilty of burglary. A rational jury could believe the victim's testimony that Petitioner took property that did not belong to him, could draw a negative inference from evidence that Petitioner arrived at the residence in a pickup truck used to transport bulky items, and could disbelieve Petitioner's explanation that he took a valuable guitar as collateral for a petty debt. *Id*.

Petitioner objects that he was out of prison for more than ten years before the instant offenses and, therefore, was outside the spirit of California's Three Strikes Law. Dkt. 67 at 54. The court agrees with the Report that this is a state-law claim that is not cognizable in a federal habeas proceeding. Dkt. 61 at 13–14.

Petitioner objects that the prosecutor introduced new facts during his closing argument. Dkt. 67 at 54. The alleged new fact was the prosecution's display of the state seal on their computer screen during closing arguments. Dkt. 26 at 79–81. The court agrees with the Report that Petitioner failed to show prosecutorial misconduct. Dkt. 61 at 23. It was obvious that Petitioner was being prosecuted by the state. *Id*. Moreover, it is presumed that the jury followed its instructions not to let bias influence its decision, to impartially consider the evidence admitted during trial, and to consider arguments as only arguments but not evidence. *Id*. Petitioner failed to overcome that presumption.

Petitioner objects that the trial judge knew of Petitioner's conflicts with his trial counsel. Dkt. 67 at 55–57. The court agrees with the Report that Petitioner failed to show an irreconcilable conflict with his counsel. Dkt. 61 at 29. Petitioner testified he lacked confidence or trust in his trial counsel because of disagreements over strategy and what Petitioner perceived as counsel's poor performance. Dkt. 41-21 at 131–37, 184–92, 350–56. From this evidence, Petitioner failed to show an irreconcilable

conflict because he failed to show a complete breakdown in communication, rather than mere disagreements over strategy or tactical decisions. Dkt. 61 at 29 (citing *Stenson v. Lambert*, 504 F.3d 873, 886 (9th Cir. 2007)).

Finally, Petitioner filed an application for leave to file a Reply to the Report and a motion for discovery and/or an evidentiary hearing. Dkts. 70, 72. The application for leave to file a Reply is DENIED as moot because Petitioner already has filed objections to the Report. The motion for discovery and/or an evidentiary hearing is DENIED because Petitioner has not shown colorable entitlement to relief for discovery and because the existing record is sufficient to render an evidentiary hearing unnecessary. *See Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999) (discovery was not warranted where none of Petitioner's claims was supported by evidence showing colorable entitlement to relief); *see also Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (When state court record "refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."); *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) ("It is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise.").

THEREFORE, the court accepts the Report and Recommendation and ORDERS that the petition under 28 U.S.C. § 2254 be DENIED. Petitioner's motions also are DENIED. Dkts. 70, 72. Accordingly, judgment will be entered dismissing this action with prejudice.

IT IS SO ORDERED.

Dated: September 30, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge